# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| YOUSIF H. HALLOUM, | Case No.: 2:19-cv-00037-APG |
| Appellant | |
| v. | **Order 1) Dismissing Appellant's Appeal and 2) Denying Appellant's Motions** |
| WELLS FARGO BANK, N.A. | [ECF Nos. 16, 19, 22, 31, 32, 34-37, 42-44, 46, 49, 53, 54] |
| Appellee | |

Appellant Yousif Halloum appeals the bankruptcy court's order denying his motion to transfer his bankruptcy proceeding, including his adversary action against Wells Fargo Bank, N.A. (Wells Fargo), to the Bankruptcy Court in the Northern District of California. Wells Fargo objects to this appeal on a number of grounds. It contends that Halloum did not seek leave to file an interlocutory appeal, so the appeal should be dismissed. It also contends that the bankruptcy court did not abuse its discretion in denying transfer because Halloum failed to establish (1) any change in circumstances warranting the transfer, (2) that the Northern District of California is a proper venue, or (3) any mistake of law or erroneous finding by the bankruptcy judge. Wells Fargo contends that the factors do not weigh in favor of transferring the case, so the bankruptcy court's decision should be affirmed.

After filing the appeal, Halloum filed numerous motions seeking, among other things, to transfer his case to the Northern District of California and to dismiss several bankruptcy court orders. I dismiss Halloum's appeal because I decline to exercise my discretion to hear this interlocutory appeal.

////

# I. DISCUSSION

*A. Leave to Appeal*

Orders transferring or denying transfer based on forum non conveniens are not appealable orders. *See Shapiro v. Bonanza Hotel Co.*, 185 F.2d 777, 779 (9th Cir. 1950). Therefore, Halloum's appeal is interlocutory and may proceed only with leave of the court. *See* 28 U.S.C. § 158(a)(3). Although Halloum did not file a motion seeking leave to appeal, I will treat the notice of appeal as such a motion for leave. Fed. R. Bankr. P. 8003(c); *In re Sperna*, 173 B.R. 654, 658 (B.A.P. 9th Cir. 1994). To determine if leave should be granted, I look to the standards set forth in 28 U.S.C. § 1292(b). *In re Sperna*, 173 B.R. at 658. I consider whether "the order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and whether an immediate appeal may materially advance the ultimate termination of the litigation." *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995).

Section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). The burden rests on the appellant to persuade the court "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). I have discretion to deny the appeal for any reason. *Id.*; *see also In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003) ("It is within the discretion of the district court and the BAP [ ] to hear interlocutory appeals. . . . We have no jurisdiction to consider whether such exercises of discretion are proper").

1    Here, Halloum has not justified allowing an interlocutory appeal. Halloum filed his

2    petition for bankruptcy and adversary action in the District of Nevada. He does not argue that

3    venue is improper. Instead, he argues that it would be more convenient to continue litigating the

4    case in the Northern District of California because he now lives in that district. He contends that

5    all of the witnesses are in California but he did not provide the names of any of the potential

6    witnesses. *See* ECF No. 14 at 19-22. And neither property involved in the bankruptcy case is

7    located in the Northern District of California. *Id.* at 23-24. There is no controlling question of

8    law at issue to be decided. There are no exceptional circumstances justifying a departure from

9    the traditional rule of postponing appellate review until after the entry of a final judgment.

10        *B. Bankruptcy Judge's Order Denying Motion To Transfer Venue*

11       Even if I considered Halloum's appeal, I would affirm the bankruptcy judge's decision. I

12   review conclusions of law *de novo* and factual findings under the clear error standard. *In re*

13   *Rains*, 438 F.3d 893, 900 (9th Cir. 2005). Further, I review decisions regarding whether to

14   transfer a case to another district for an abuse of discretion. *In re Donald*, 328 B.R. 192, 196

15   (B.A.P. 9th Cir. 2005); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). "A

16   bankruptcy court abuses its discretion if it applies the law incorrectly or if it rests its decision on

17   a clearly erroneous finding of a material fact." *In re Morabito*, 596 B.R. 718, 725 (D. Nev. 2019)

18   (quoting *In re Brotby*, 303 B.R. 177, 184 (B.A.P. 9th Cir. 2003)).

19       Here, the bankruptcy judge did not abuse his discretion in denying Halloum's motion to

20   transfer venue. A judge may transfer a case to a district where the case could have been brought

21   for the convenience of the parties and in the interests of justice. 28 U.S.C. § 1404(a). Courts

22   weigh several factors when deciding whether transfer is appropriate, including: "1) the location

23   where the relevant agreements were negotiated and executed, (2) the state that is most familiar

with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts

with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum,

(6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory

process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to

sources of proof." *Jones*, 211 F.3d at 498-99.

The bankruptcy judge declined to transfer the case because Halloum chose to file his

petition for bankruptcy and adversary action in Nevada, has property in Nevada that is relevant

to the bankruptcy proceeding, and does not have property in the Northern District of California

where he wants the action to be transferred. ECF No. 14 at 28. While Halloum stated he now

lives in the San Francisco bay area and that transfer would assist with the availability of

witnesses, he provided no names of potential witnesses to the bankruptcy court. *Id.* at 19-20.

Further, the bankruptcy judge will have to apply California law to the California property and

Nevada law to the Nevada property. Even if it costs more for Halloum to litigate in Nevada, the

bankruptcy judge did not abuse his discretion in finding that the factors weighed in favor of

denying the transfer.

*C. Halloum's Outstanding Motions*

Halloum filed numerous other motions, some relevant to this appeal and some not. I

dismiss the motions as moot. The only issue before me on appeal was whether the bankruptcy

judge properly denied transferring Halloum's case. If Halloum seeks to appeal further decisions

of the bankruptcy court, he must file new appeals in the appropriate forum at the appropriate

time.

////

////

## II. CONCLUSION

I HEREBY ORDER appellant Yousif Halloum's appeal is DISMISSED because I decline to exercise my discretion under 28 U.S.C. § 158(a)(3) to hear the interlocutory appeal.

I FURTHER ORDER that appellant Yousif Halloum's outstanding motions **(ECF No. 16, 19, 22, 31, 32, 34-37, 42-44, 46, 49, 53, 54)** are **DENIED as moot.**

I FURTHER ORDER the clerk of the court to close this file.

DATED this 22nd day of January, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE